UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DONALD GILLEY,

    Plaintiff,

v.

LTMX ENTERPRISES, INC. f/k/a & d/b/a
LINCOLN TRAIL MOTOSPORTS, INC.,
JEAN L. RAMSAY, WILLIAM G.
RAMSAY and TIM L. JACKSON,

    Defendants.

Case No. 08-cv-688-JPG

### MEMORANDUM AND ORDER

This matter comes before the Court on the second motion for summary judgment filed by defendants LTMX Enterprises, Inc. ("LTMX"), Jean L. Ramsay ("Ramsay"), William G. Ramsay and Tim L. Jackson (Doc. 41). The Court has already granted summary judgment in favor of defendants William G. Ramsay and Tim L. Jackson, so it only considers the motion as it applies to defendants LTMX and Ramsay (collectively, "the defendants"). Plaintiff Donald Gilley has responded to the motion (Doc. 45), and the defendants have replied to that response (Doc. 49).

**I.    Summary Judgment Standard**

Summary judgment is appropriate where "the pleadings, the discovery and disclosed materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678,

685 (7th Cir. 2008); *Spath*, 211 F.3d at 396. Where the moving party fails to meet its strict burden of proof, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992). In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e)(2); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996).

**II.    Facts**

Viewed in the light most favorable to Gilley, the evidence establishes the following facts.

On May 7, 2006, Gilley rode his all-terrain vehicle ("ATV") at a commercial off-road motor vehicle sport facility known Lincoln Trail Motosports ("Lincoln Trail"). Lincoln Trail was operated by defendant LTMX and consisted of more than 200 acres of outdoor trails, land and grounds where ATV riders could pay a fee and ride their own ATVs. It did not provide any warnings to its invitees about the dangers of ATV riding, any traffic controls or any supervision of ATV drivers.

On the day in question, other riders were also riding their ATVs at Lincoln Trail. While riding, Gilley was seriously injured in a collision with another ATV as he came over the top of a steep hill the other side of which he was unable to see. In this lawsuit, he attributes his accident to the failure to have instructions, warnings, traffic controls and supervision for ATV riders at Lincoln Trail that would have prevented him from colliding with the other ATV. He has sued the defendants for negligence and for willful and wanton misconduct.

In his deposition, Gilley admitted that at the time of the accident he was an experienced ATV rider with over 300 hours of ATV use under his belt riding in terrain similar to that of

Lincoln Trail and with groups of other riders. Based on this experience, Gilley believed he was qualified to assess whether conditions were safe for ATV riding and believed that the conditions at Lincoln Trail were safe for riding on May 7, 2006. As a consequence, he did not believe he needed safety instructions or supervision while riding his ATV at Lincoln Trail. He was also aware of the dangers of riding over "blind hills" – hills over which one cannot see as one approaches – and knew he should approach them with caution because of the danger of encountering another rider coming up the hill from the opposite direction. Nevertheless, he did not approach a certain blind hill with caution on May 7, 2006, and instead approached it in what he believed was an unsafe way.

The defendants ask the Court for summary judgment, arguing that in light of these admissions, Gilley cannot establish that the defendants owed him a duty to warn him about the open and obvious dangers presented by a blind hill or that their breach of a duty caused his injury. Gilley responds that his admissions are simply his opinions based on hearsay since he cannot remember anything after arriving at Lincoln Trails. He further argues that the dangers presented by the blind hill were not objectively open and obvious, so the defendants had a duty to take reasonable measures to protect its invitees from those dangers. He also maintains that the issue of causation is a jury question.

**III.   Analysis**

The parties agree that this case, in federal court on diversity jurisdiction, is governed by Illinois law. *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 670 (7th Cir. 2008) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)). Under Illinois law, to prevail in a cause of action for negligence based on premises liability, the plaintiff must show a defendant owed him a duty of care, the defendant breached that duty and the breach

3

proximately caused injury. *See Marshall v. Burger King Corp.*, 856 N.E.2d 1048, 1053 (Ill. 2006).

    A.    <u>Duty of Care and Breach</u>

Whether a duty exists is a legal question, *Marshall*, 856 N.E.2d at 1053-54; *Widlowski v. Durkee Foods, Div. of SCM Corp.*, 562 N.E.2d 967, 968 (Ill. 1990). In a prior order, the Court has explained that a duty of care exists between a possessor of property and those who enter upon his property at his invitation. Under the Illinois Premises Liability Act, an owner or occupier of land owes entrants onto the land a duty "of reasonable care under the circumstances regarding the state of the premises or acts done or omitted on them." 740 ILCS 130/2. In addition, common law also imposes a duty of reasonable care on a possessor of land to those he invites to his property.

The question before the Court now is whether the duty LTMX and Ramsay owed Gilley as a business invitee included the duties to give instructions about riding at Lincoln Trails, to warn about the risks and dangers of riding at Lincoln Trails, to institute traffic control measures designed to avert ATV collisions, and to supervise ATV riders so as to minimize risks to themselves and others. The defendants argue their duty to Gilley did not include the duty to warn about open and obvious hazards like the inability to see over hills or to warn experienced ATV riders of the routine risks inherent in riding ATVs. Gilley points out that the question of duty is an objective question and cannot be viewed as specific to him.

To determine the scope of the duty a premises owner owes an invitee, the Court considers: "(1) the reasonable foreseeability of injury, (2) the reasonable likelihood of injury, (3) the magnitude of the burden that guarding against injury places on the defendant, and (4) the consequences of placing that burden on the defendant." *True v. Greenwood Manor West, Inc.*,

4

737 N.E.2d 673, 676 (Ill. App. Ct. 2000) (citing *LaFever v. Kemlite Co.,* 706 N.E.2d 441, 446 (Ill. 1998)). In determining whether an injury is foreseeable, the Court uses the test set forth in § 343 of the Restatement (Second) of Torts:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> (c) fails to exercise reasonable care to protect them against the danger.

*True*, 737 N.E.2d at 676. This duty also extends to the acts of third persons on the land:

> A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons . . . and by the failure of the possessor to exercise reasonable care to
> (a) discover that such acts are being done or are likely to be done, or
> (b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.

Restatement (Second) of Torts § 344 (1965).

The duty of care does not, however, generally include protecting an invitee from open and obvious hazards. *Ward v. K mart Corp.,* 554 N.E.2d 223, 231-32 (Ill. 1990). *Ward* adopted § 343A of the Restatement (Second) of Torts:

> A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

*Ward*, 554 N.E.2d at 231-32. There is an exception to this general rule where the possessor of land has a reason to anticipate that the open and obvious harm may cause his invitee injury because either (1) the invitee may be distracted and as a result may not discover the obvious hazard or may forget about it if he did discover it or (2) a reasonable person in the invitee's

position would view the advantage of encountering the hazard as outweighing the risk. *True*, 737 N.E.2d at 676 (citing *Ward*, 554 N.E.2d at 231; Restatement (Second) of Torts § 343A).

It is clear that LTMX owed its patrons a duty to take reasonable steps to protect them from dangers on the land that it should have known about. It is possible that this duty of care included taking measures such as giving instructions and warnings to ATV riders using its property, instituting traffic controls and providing some supervision of ATV riders. It is reasonably foreseeable that when numerous ATV riders are set free to ride on a 200-acre plot of land, some may collide with each other, especially if there are blind hills or other obstructions that would prevent drivers from seeing each other in time to avoid an accident. ATV riders generally enjoy going fast on their vehicles because the ride is more thrilling that way, and it is reasonably likely that, riding in such a manner, they will collide and be injured. Providing some instruction or warnings to riders, posting traffic control signs or providing at least some supervision would not be expensive or overly burdensome to LTMX. Much of that could be accomplished by the one-time task of posting signs. Placing that burden on LTMX is logical, for it owns and manages Lincoln Trail and would be in the best position to discover, through the exercise of reasonable care, dangers to its patrons such as blind hills and take reasonable care to prevent injuries.

The Court agrees with LTMX that the dangers posed by a blind hill are open and obvious to a reasonable ATV rider, who is likely to be familiar with the phenomenon of not being able to see over hills and around corners. However, LTMX should reasonably expect that an ATV rider would fall under the second exception to the rule that a landowner does not have to warn about open and obvious hazards, that is, that a reasonable ATV rider would view the advantages of seeking thrills by riding his ATV fast – and maybe unsafely – as outweighing the risk of a

potential collision.  After all, if ATV riders wanted simply to drive slowly and safely, they would more likely get in their cars and drive around their neighborhoods.  Seeking danger and thrills is inherent to ATV riding in ATV parks, and a reasonable jury could find that a park owner has a duty to temper its patrons' enthusiasm for thrills with a little reason by taking the measures Gilley suggests.

For the foregoing reasons, the Court believes a reasonable jury could find that LTMX breached its duty to Gilley by failing to have riding instructions, warnings, traffic controls or supervision for ATV riders at Lincoln Trail.

C.      Causation

Despite Gilley's extensive experience riding ATVs, a reasonable jury could also find LTMX's breach of its duty of care to Gilley proximately caused his accident.  The Court finds it an extremely close call whether a jury would find that additional instructions, warnings or supervision would have prevented Gilley's accident.  After all, Gilley admits he was proficient in riding an ATV and was aware of the dangers of riding unsafely, especially over blind hills.  It is unlikely that had LTMX instructed, warned or supervised him, he would have heeded the instructions and warnings or behaved any differently in his approach to the hill where the accident occurred.  However, the Court believes a reasonable jury could find that had LTMX implemented some type of traffic controls such as, for example, directional signs or speed limits, Gilley and the driver with whom he collided might have obeyed the traffic rules and avoided the accident.  A reasonable jury could find therefore that LTMX's breach of its duty of care was the proximate cause of Gilley's injuries.  LTMX's argument will be relevant to whether Gilley was contributorily negligent such that his damages, if any, should be reduced or denied.  *See, e.g., Miller v. Illinois Cent. R.R.*, 474 F.3d 951, 957 (7th Cir. 2007).

As explained in its prior ruling on the defendants' first summary judgment motion (Doc. 43), a reasonable jury could also find Ramsay liable for LTMX's negligence because of his close relationship with the business.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** the defendants' second motion for summary judgment (Doc. 41).

**IT IS SO ORDERED.**
**DATED: December 14, 2009**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**